PROB 12C
(6/16)

Report Date: November 27, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 27, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jered Pederson                     Case Number: 0980 2:14CR00168-TOR-5

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: October 20, 2015

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344 and 1349 | |
| Original Sentence: | Prison - 1 day<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>10/27/2016 | Prison - 90 days<br>TSR - 36 months | |
| Revocation Sentence:<br>07/26/2017 | Prison - 6 months<br>TSR - 30 months | |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: January 9, 2018 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: July 8, 2020 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #8**: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.<br><br>**Supporting Evidence**: On November 17, 2019, Mr. Pederson was in direct violation of standard condition number 8 by failing to disclose that he had been with another convicted felon, Robin Griffith.<br><br>On January 11, 2018, the undersigned officer met with Mr. Pederson. He was given a copy of his judgment and his conditions of supervision were explained to him. He signed his judgment reflecting he understood his conditions in full. |

Prob12C
Re: Pederson, Jered
November 27, 2019
Page 2

Mr. Pederson was fully aware that he was not to communicate with Ms. Griffith. A petition had been filed on March 4, 2019, outlining this exact same behavior. On November 17, 2019, Mr. Pederson left a message on the undersigned officer's phone stating that he had police contact. He never once admitted that Ms. Griffith was in the car with him. He also failed to mention that she was arrested on a felony warrant.

On November 19, 2019, Mr. Pederson reported to the probation office and was confronted with the noncompliance. He admitted to not informing the undersigned that he had been with Ms. Griffith because he knew it was wrong.

2   **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On November 19, 2019, Mr. Pederson was in direct violation of special condition number 5 by supplying a urine sample that tested positive for methamphetamine.

On January 11, 2018, the undersigned officer met with Mr. Pederson. He was given a copy of his judgment and his conditions of supervision were explained to him. He signed his judgment reflecting he understood his conditions in full.

Mr. Pederson was directed to report to the U.S. Probation Office due to his concerning associations, as referenced in violation number 1. He submitted a urine sample that tested positive for methamphetamine. After being given multiple chances to be honest, Mr. Pederson continued to deny this use. The urine sample was sent to Alere Toxicology Laboratory (Alere) for further testing.

On November 25, 2019, the Alere report came back confirming the urine sample had tested positive for methamphetamine. On November 26, 2019, Mr. Pederson was directed to report to the U.S. Probation Office. He reported as directed and disclosed his methamphetamine use. He signed a drug use admission form stating he used methamphetamine on November 17, 2019.

3   **Standard Condition #4**: You must be truthful when responding to the question asked by your probation officer.

**Supporting Evidence**: On November 19, 2019, Mr. Pederson was in direct violation of special condition number 5 by failing to be truthful with this officer when asked about his drug use.

On January 11, 2018, the undersigned officer met with Mr. Pederson. He was given a copy of his judgment and his conditions of supervision were explained to him. He signed his judgment reflecting he understood his conditions in full.

On November 19, 2019, Mr. Pederson provided a urine sample that tested positive for methamphetamine. He continued to deny he used even after this officer informed him that lying could result in another violation. Mr. Pederson stated the results would come back as negative.

Prob12C
**Re: Pederson, Jered**
**November 27, 2019**
**Page 3**

On November 25, 2019, the results from Alere came back as positive. On November 26, 2019, Mr. Pederson reported to the U.S. Probation Office and was confronted with the positive lab results. When asked why he lied to the undersigned officer, Mr. Pederson stated he "has a very difficult time telling on himself."

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   11/27/2019

s/Joshua D. Schull

Joshua D. Schull
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
Chief U.S. District Judge

Signature of Judicial Officer

November 27, 2019

Date